LEON A. CANNIZZARO, JR., Judge.
hThe defendant, Alan B. Smith, was convicted of attempted possession of cocaine in violation of La. R.S. 40:(979)967(C). He was sentenced to three years at hard labor to run concurrently with certain other sentences imposed upon him. Mr. Smith is now appealing his sentence.
STATEMENT OF THE CASE
Mr. Smith was charged by bill of information with one count of violating La. R.S. 40:967(C), which makes it unlawful to possess, among other controlled dangerous substances, cocaine. Mr. Smith pled not guilty at his arraignment. He waived his right to a jury trial, and he was tried by the trial court judge and found guilty of attempted possession of cocaine. Mr. *880 Smith was sentenced to three years imprisonment at hard labor for his attempted possession of cocaine. Mr. Smith filed a motion for an appeal, which was granted, and he is now seeking a reconsideration of his sentence. The facts in this case are irrelevant for purposes of this appeal, because the only issue that Mr. Smith has raised on appeal is the length of his sentence.
| .ASSIGNMENT OR ERROR
We have found one error patent in the instant case, and the error patent is the same as the sole assignment of error raised by Mr. Smith. Although Mr. Smith was charged with possession of cocaine, he was found guilty of the crime of attempted possession of cocaine. The maximum prison sentence for the offense of possession of cocaine is five years with or without hard labor. La. R.S. 40:967(0(2). The maximum prison sentence for the crime of attempted possession of cocaine is imprisonment in the same manner as for the offense of possession of cocaine not to exceed one-half of the longest term of imprisonment prescribed for possession of cocaine. La. R.S. 40:979(A). Therefore, the maximum prison sentence for the crime of attempted possession of cocaine is two and one-half years with or without hard labor.
The trial court imposed a three year prison sentence on Mr. Smith, which exceeds the statutory maximum for the offense of attempted possession of cocaine. Therefore, Mr. Smith’s assignment of error has merit. His sentence is illegal, a fact that the State has conceded in its appellate brief.
DECREE
Based on the foregoing discussion, Mr. Smith’s conviction is hereby | .affirmed, but his sentence is vacated. This case is remanded so that Mr. Smith can be re-sentenced in accordance with La. R.S. 40:979(A).
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RE-SENTENCING.